IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS WEIGHTMAN, ) | |
| ) | |
| Petitioner, ) | Case No. CV 03-549-S-MHW |
| ) | |
| v. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| JEFF CONWAY, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Currently before the Court in this habeas corpus matter are Petitioner's Motion for Writ of Habeas Corpus (Docket No. 13) and Respondent's Motion for Summary Judgment (Docket No. 18). Both parties have consented to the jurisdiction of a United States Magistrate Judge, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket Nos. 3 & 5.) Having completed a review of this action, including the record herein and the record of the state proceedings, and having considered the arguments of the parties, the Court enters the following Order.

### BACKGROUND

In 1999, the State charged Petitioner with one count of felony driving under the influence and one count of driving on a suspended license. *State's Lodging A-1*, p. 21. At trial, Officer Danielle McCord testified that Petitioner refused to take a breath alcohol test after his arrest. *State's Lodging A-2*, p. 124. Conversely, Petitioner testified that he had requested to take the test twice, but the officer refused. *State's Lodging A-2*, pp. 201, 226. On cross-examination, the prosecutor asked Petitioner whether he had taken advantage of a legal proceeding to contest the suspension of his driver's license on the basis that the police had refused his request for a breath test, to which Petitioner replied that he had not. *State's Lodging A-2*, p. 228-34.

The jury found Petitioner guilty as charged. After serving a 180-day period of retained jurisdiction, Petitioner was placed on probation for five years. *State's Lodging A-1*, pp. 60-63.

On appeal, Petitioner claimed, in part, that the prosecutor's cross-examination regarding his failure to challenge the suspension of his driver's license constituted an improper comment on his post-arrest right to silence. *State's Lodging B-1*. The Idaho Court of Appeals rejected this argument, finding that Petitioner had not been cross-examined with respect to his silence; rather, he had been questioned about his inaction regarding an available judicial proceeding. *State's Lodging B-4*, p. 3. The Court of Appeals further concluded that even if the prosecutor had questioned Petitioner about his post-arrest silence, it constituted legitimate impeachment of Petitioner's claim that he had

**Memorandum Decision and Order - 2**

requested a breath test at the time of his arrest. *State's Lodging B-4*, p. 4. The Idaho Supreme Court declined to review the case. *State's Lodgings B-5 – B-8*.

Petitioner filed his federal Habeas Corpus Petition on December 19, 2003. This Court liberally construed the Petition as raising two claims: (1) the prosecutor's cross-examination regarding Petitioner's failure to challenge the suspension of his license violated his Fifth and Fourteenth Amendment rights; and (2) the prosecutor violated Petitioner's right to due process when she prompted him to testify about his pretrial incarceration. (Docket No. 11, p. 5.) The Court determined that although the first claim was properly exhausted and would be considered on its merits, the second claim was procedurally defaulted.[1] (Docket No. 11, pp. 5-8.)

Petitioner and Respondent have both filed dispositive motions, and the matter is ripe for adjudication.

## STANDARD OF LAW

The Petition in this case is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA established a deferential standard of review that a federal habeas court must apply to a state court's resolution of constitutional claims. A federal court may grant habeas relief only if the state court's adjudication on the merits of a claim:

---

[1] The Court gave Petitioner an opportunity to show cause and prejudice, or a fundamental miscarriage of justice, to excuse the default of the second claim. (Docket No. 11, pp. 5-8.) Petitioner has not come forward with any argument or evidence that would satisfy these standards, and this claim will not be heard on the merits.

**Memorandum Decision and Order - 3**

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under § 2254(d)(1), a state court's decision is "contrary to" federal law when the state court applied a rule of law different from the governing law set forth in United States Supreme Court precedent, or when it confronted a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrived at a different result. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application" of clearly established federal law when the court was "unreasonable in applying the governing legal principle to the facts of the case." *Id*. at 413. A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision was incorrect; instead, the decision must be objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit law may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).

## DISCUSSION

**Memorandum Decision and Order - 4**

The Idaho Court of Appeals determined that Petitioner had not been deprived of either his Fifth Amendment privilege against self-incrimination or his right to due process of law under the Fourteenth Amendment. This Court has reviewed the state court's decision and concludes that it is neither contrary to nor an unreasonable application of clearly established law.[2]

The Fifth Amendment privilege against self-incrimination allows a defendant to refuse to answer any questions during any official proceeding that may tend to incriminate him in a future criminal prosecution. *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). If a defendant chooses to testify in a criminal trial, he waives his Fifth Amendment protection and may be impeached like any other witness. *Jenkins v. Anderson*, 447 U.S. 231, 235-36 (1980). One possible manner of impeachment is through the use of the defendant's failure to give his version of the events at the earliest opportunity, which may suggest that he fabricated his trial testimony. *Id*. Though a state prosecutor's attempt to impeach a testifying defendant in this manner may be excluded under the state's evidentiary rules, it does not violate the defendant's rights under the Fifth Amendment. *See Id.* at 235-39 (holding that impeachment through pre-arrest silence does not violate the Fifth Amendment); *see also Raffel v. United States*, 271 U.S. 494 (1926).

---

[2] Petitioner does not appear to allege that the state court's decision was based upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). In any event, he is not entitled to relief under 28 U.S.C. § 2254(d)(2).

**Memorandum Decision and Order - 5**

A different situation arises, however, when the State actually induced the defendant's pretrial silence because law enforcement officers specifically informed him, in accordance with *Miranda v. Arizona*, 384 U.S. 436 (1966), that he had the right to remain silent.  In *Doyle v. Ohio*, 426 U.S. 610, 618 (1976), the Supreme Court determined that as a matter of fundamental fairness, a prosecutor may not impeach a testifying defendant through the use his post-*Miranda* silence.  The Supreme Court later held that *Miranda* warnings are a necessary prerequisite to proving a due process violation under *Doyle*; unless such warnings were given to a defendant, a state prosecutor does not violate a defendant's due process rights when he or she cross-examines the defendant as to his post-arrest silence.  *Fletcher v. Weir*, 455 U.S. 603, 606 (1982).

In the present case, Petitioner chose to testify in his own defense.  To the extent that Petitioner's failure to take advantage of a judicial proceeding to challenge his license suspension after his arrest was the equivalent of "silence," a matter that the Court need not decide, the prosecutor's questioning about that failure did not violate Petitioner's Fifth Amendment privilege against self-incrimination.[3]  *See Jenkins*, 447 U.S. at 237-38; *see also United States v. Greene*, 698 F.2d 1364, 1373-74 (9th Cir. 1983).  Similarly, because the record does not reveal that the police or any other state actor gave Petitioner

---

[3] There is no indication in the record that the State used Petitioner's alleged pretrial silence as substantive evidence of his guilt, rather than solely as impeachment material when he testified.  Therefore, whether the use of silence in such a manner raises Fifth Amendment concerns is not a matter before the Court.  *See Combs v. Coyle*, 205 F.3d 269, 282-83 (6th Cir. 2000) (noting a circuit split on this issue).

**Memorandum Decision and Order - 6**

*Miranda* warnings, Petitioner has not demonstrated that the State induced him to remain silent or implicitly informed him that the exercise of that right would carry no penalty. Thus, Petitioner's right to due process of law under the Fourteenth Amendment was likewise not violated.

Additionally, even assuming for purposes of argument that Petitioner had been *Mirandized*, the *Doyle* prohibition against the use of a defendant's post-*Miranda* silence does not apply when the defendant falsely creates the impression at trial that he cooperated with the police at the time of his arrest:

> [i]t goes almost without saying that the fact of post-arrest silence could be used by the prosecution to contradict a defendant who testifies to an exculpatory version of events and claims to have told the police the same version upon arrest. In that situation the fact of earlier silence would not be used to impeach the exculpatory story, but rather to challenge the defendant's testimony as to his behavior following arrest.

*Doyle*, 426 U.S. at 619 n.11; *see also Earnest v. Dorsey*, 87 F.3d 1123, 1135 (10th Cir. 1996); *McMillan v. Gomez,* 19 F.3d 465, 469-70 (9th Cir. 1994).

Here, the tenor of Petitioner's entire testimony was that he generally cooperated with Officer McCord and that it was the Officer McCord, not him, who had been unreasonable. In particular, Petitioner testified that he twice asked Officer McCord whether he could take a breath test, but that she refused these requests. *State's Lodging A-2*, pp. 201, 226. Petitioner's subsequent failure to seek judicial review of his license suspension raised at least an inference that he had not, in fact, requested the test.

**Memorandum Decision and Order - 7**

Accordingly, the prosecutor could legitimately use that failure to impeach Petitioner's claim that he cooperated with Officer McCord immediately following his arrest.

Finally, to the extent that there was any constitutional violation in this case, it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 407 U.S. 619 (1993) (adopting harmless error standard on habeas review); *see also Parle v. Runnels*, 387 F.3d 1030, 1044 (9th Cir. 2004) (holding that a habeas court must still apply *Brecht* even if the court determines that the petitioner has satisfied the standards in § 2254(d)(1)).  The evidence at trial established that Petitioner was driving at night with his headlights off and well below the speed limit, weaving within his own lane of traffic, and that he did not immediately stop when police officers initiated their overhead lights.  *State's Lodging A-2*, pp. 19-24.  Police officers testified that when they encountered Petitioner he had an odor of alcohol about him, his eyes were glassy, he appeared confused, groggy, or dazed, and he was rambling and uncooperative. *State's Lodging A-2*, pp. 25-26, 67-70, 92-132.  Petitioner admitted that he had consumed alcohol before driving, though he claimed that it was only two to three beers.  *State's Lodging A-2*, pp. 186-87.  In light of the strong evidence that Petitioner was driving under the influence, the prosecutor's brief questioning about Petitioner's failure to challenge his license suspension, which she did not repeat during closing argument, did not have a substantial and injurious effect on the verdict.

**Memorandum Decision and Order - 8**

For all of these reasons, the Court concludes that the Idaho Court of Appeals' decision was neither contrary to nor an unreasonable application of clearly established federal law.  There are no genuine issues of material fact remaining, and Respondent is entitled to judgment as a matter of law.  Petitioner's Motion for Writ of Habeas Corpus shall be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Judgment (Docket No. 18) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion for Writ of Habeas Corpus (Docket No. 13) is DENIED.

IT IS FURTHER ORDERED that this cause of action is DISMISSED.



DATED: September 27, 2005

Honorable Mikel H. Williams
United States Magistrate Judge

**Memorandum Decision and Order - 9**